UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIEONNA LITTLEJOHN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17 CV 2009 CDP |
| | ) |
| JANSSEN RESEARCH & DEV., LLC, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiffs filed this action in state court on December 12, 2014, alleging personal injuries resulting from use of defendants' drug Xarelto. On July 18, 2017, defendants removed the case to federal court on the basis of diversity jurisdiction, relying on the United States Supreme Court's June 19, 2017 decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). The removal statute, however, precludes removal of diversity cases more than one year after commencement of the action, unless a plaintiff has acted in bad faith to prevent removal. *See* 28 U.S.C. § 1446(c)(1). Because this case was commenced in state court more than one year before removal and I do not find that plaintiffs acted in bad faith, I will remand it to state court.

Plaintiffs filed their petition in Missouri state court on December 12, 2014.[1] Although complete diversity is lacking on the face of the amended petition, defendants assert that removal based on diversity is nonetheless proper under 28 U.S.C. § 1332, relying on the Supreme Court's recent decision in *Bristol-Myers*. They argue that the Court lacks personal jurisdiction over defendants as to the claims of the non-Missouri plaintiffs, and that I should decide personal jurisdiction before subject-matter jurisdiction. If the claims of the non-Missouri plaintiffs are dismissed, then complete diversity would exist. Plaintiffs move to remand the case to state court on a number of grounds, including that defendants' removal is untimely.

"A case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "In Missouri, a civil action is commenced by filing a petition with the court" and "can only be commenced once," meaning the original filing date, not the filing date of an amended petition, controls. *Jackson v. C.R. Bard, Inc.*, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017) (international quotations omitted). "All doubts about

---

[1] This is the second time defendants have removed the case. I previously remanded the case in 2015. *See* Case No. 4:15CV194 CDP.

federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

Defendants removed this action on the basis of diversity jurisdiction more than one year after the action was commenced in state court. They cannot do so unless plaintiffs acted in bad faith to prevent them from removing the action. 28 U.S.C. § 1446(c)(1). Defendants argue that plaintiffs acted in bad faith by bringing the claims of non-Missouri plaintiffs in Missouri state court based on a theory of personal jurisdiction that has since been rejected by the Supreme Court in *Bristol-Myers*. But plaintiffs brought this lawsuit well before the Supreme Court decided *Bristol-Myers*, and their attempt to secure a favorable forum was permissible within the confines of federal statutes and case law at the time. *Bristol-Myers* did not create an exception to the application of 28 U.S.C. § 1446(c)(1). *See Ingham v. Johnson & Johnson,* Case No. 4:17CV1857 SNLJ (E.D. Mo. July 18, 2017). As a result, and because I find no evidence plaintiffs acted in bad faith in order to prevent removal, I must remand this action to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot, without prejudice to re-raise the issues, if appropriate, in the state court.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2017.